RANSOM H. MILLER, Appellant, *v.* THOMAS J. REYNOLDS and Wife, Respondents.

*Sale of realty — fraud — belief of an officer of a corporation as to his authority to make a note for the corporation — good faith — ratification as a defense — objection first raised on appeal that the defense was not available under the answer.*

In an action brought to compel the reconveyance of real estate on the ground that the defendant had obtained the title from the plaintiff through fraud, the plaintiff claimed that the defendant was not authorized to make a note, given in part payment therefor, which purported to be the note of a corporation of which the defendant was president. The defendant claimed that power to make the note was given him by a written agreement with the corporation, and the evidence showed that the defendant exhibited this agreement to the plaintiff at the time of making the trade, and informed the plaintiff that he claimed that it gave him the right to make the note, and he testified that he believed he had the power and right to make the note.

*Held*, that it was not important whether the agreement in fact gave the defendant the power to make the note, since it was sufficient to support a finding of the absence of fraud in that regard if the defendant satisfied the trial court that he gave the note in good faith, believing that the agreement gave him the right to make it;

That, if the defendant was not authorized to make the note, he would be liable to pay plaintiff the amount of it, but this would not constitute a ground for setting aside the conveyance.

The trial court found, upon evidence tending to sustain the finding and which came into the case without the objection being made that the pleadings did not warrant it, that the plaintiff ratified the conveyance to the defendant after being fully advised of all the facts. The answer was simply a general denial, and the plaintiff claimed at General Term that the defendant not having pleaded ratification was not in a position to avail himself of such a defense.

*Held,* that it was too late upon appeal to raise the question.

APPEAL by the plaintiff, Ransom H. Miller, from a judgment of the Supreme Court dismissing his complaint upon the merits, entered in the office of the clerk of Monroe county on the 26th day of July, 1892, upon a decision of the court rendered after a trial at the Monroe equity term.

*John Van Voorhis,* for the appellant.

*E. A. Nash,* for the respondents.

LEWIS, J. :

This is an action to compel the defendants to reconvey to the plaintiff certain premises described in the complaint, situate on Monroe avenue in the city of Rochester, on the ground that the defendant Thomas J. Reynolds obtained title thereto from the plaintiff by fraud.

The answer was a general denial of each and every allegation of the complaint.

The court found that the plaintiff had failed to establish the allegations of fraud, and further found that the plaintiff, by a subsequent agreement with the defendant Thomas J. Reynolds, ratified and confirmed the sale and conveyance.

The plaintiff conveyed the property in question to the defendant Thomas J. Reynolds, in the month of February, 1891, at the price of $22,000, subject to a mortgage thereon of $6,000, in consideration of which the defendant transferred to the plaintiff $10,000 of the stock of the Trotter Refrigerator Company and gave the plaintiff what purported to be the promissory note of the refrigerator company, made by the defendant as its president for $6,000.

The testimony as to the representations that were made by the defendant to the plaintiff and to his agent Hapgood, to induce and bring about the conveyance of the property, was very conflicting

and contradictory. The plaintiff's evidence tended to establish the allegations of his complaint, that he was induced to make the conveyance by material representations made to him by the defendant that were false, and known to the defendant to be false when he made them.

The defendant, by his own testimony and that of other witnesses he called, controverted and denied the plaintiff's charges of fraud in every particular.

The trial justice, who had the advantage of seeing the witnesses and hearing their testimony, found that the plaintiff had failed to make a case and dismissed the complaint.

The plaintiff contends that the defendant was not authorized to make the $6,000 note which he gave the plaintiff in part payment for the property. There was evidence tending to show that the company was indebted to the defendant at the time the note was made in an amount equal to the amount of the note.

He claimed that power was given him to make the note by a written agreement he had made with the company.

He exhibited the agreement to the plaintiff at the time of making the trade, and informed plaintiff that he claimed that the contract gave him the right to make the note, and he testified that he believed he had the power and right to make it.

That being so, it is not important whether the agreement in fact gave him the power. It was sufficient if he could satisfy the court that he gave the note in good faith, believing the agreement gave him the right to make it.

If he was not authorized to make the note he would be liable to pay plaintiff the amount of it, but that would not constitute a ground for setting aside the conveyance.

The trial court found that the plaintiff, after being fully advised of all the facts, ratified and confirmed the sale. There was evidence tending to sustain the finding.

The plaintiff claims that the answer being simply a general denial and that defendant not having pleaded ratification he was not in a position to avail himself of such a defense.

The evidence of ratification came into the case without the objection being made that the pleadings did not warrant it, and it is too late upon appeal to raise the question.

The answer can be amended even now if substantial justice will be thereby promoted.

The judgment appealed from should be affirmed, with costs of the appeal.

DWIGHT, P. J., MACOMBER and HAIGHT, JJ., concurred.

Judgment appealed from affirmed, with costs.